UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Dennis McClelland II, | ) | CASE NO. 5:22 CV 1063 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| David B. McClelland, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Background**

This is a removed *pro se* case. *Pro se* plaintiff Dennis McClelland filed a "Complaint for Personal Injury and Violation of Civil Rights" in the Summit County Court of Common Pleas against five defendants: David B. McClelland, Nick Bellas, Greg Hannan, Sara Fagnilli, and Chris Foster. (Doc. No. 1-1.)

On June 17, 2002, three defendants who were served in the case – defendants Bellas, Hannan, and Foster (collectively "the removing defendants") – filed a notice removing the action to federal court on the basis that the complaint alleges claims under 42 U.S.C. § 1983. (Doc. No. 1.) The removing defendants, City of Hudson employees, have filed a motion to dismiss the action as against them (Doc. No. 3), to which plaintiff has now responded.[1]

---

[1] The removing defendants appear to be the only defendants who have been served, and no party has objected to removal.

Plaintiff's complaint is rambling and unclear and does not set forth clear factual allegations or legal claims against each of the defendants. The complaint states that David McClelland engaged in assault and battery by operating a tractor and driving it up onto plaintiff's leg, and "called local authorities in an abusive and harassing fashion in the hopes of causing harm to [plaintiff]." (Doc. 1-1 at ¶¶11, 14.) The complaint further states that David McClelland "calls code inspection to report on an hourly fashion at times about the activities of [plaintiff], . . . and has attempted to cause [p]laintiff to be brought up on various charges of any and all kind, from exaggerated [sic] when claiming [p]laintiff . . . is destroying the property of David McClelland, when that is false, to telling authorities that [p]laintiff is 'making meth.'" (*Id*. at ¶14.)

Other than complaining of the conduct of David McClelland described above, the only allegations plaintiff makes in his complaint as to the other defendants are that defendant Fagnilli, a Hudson city prosecutor, failed to file charges against David McClelland, and that "[a]uthorities have worked diligently to bring [plaintiff] up on charges and have abused [p]laintiff's rights at the joint efforts of all [d]efendants at various times." (*Id*. at ¶¶13, 16.)

### Standard of Review and Discussion

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although pleadings filed by *pro se* litigants are "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even a *pro se* complaint must satisfy Rule 12(b)(6)'s standard in order to avoid a dismissal. *See Barnett v. Luttrell*, 414 Fed. App'x 784, 786 (6th Cir. 2011); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Upon review, the Court finds that plaintiff's complaint fails must be dismissed against all defendants to the extent it alleges federal claims under § 1983.

First, as the moving defendants correctly argue in their motion to dismiss, plaintiff's complaint is devoid of cogent, specific factual allegations of misconduct as to them. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit has consistently held that claims arising from alleged violations of constitutional rights "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original). *See also Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir. 2002) (dismissing claims where the complaint did not allege "with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his

3

federal rights"); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Where individuals are named as defendants in the caption of a complaint without cogent specific allegations of misconduct against them in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings. *See Gilmore v. Corr. Corp. of. Am.*, 92 Fed. Appx. 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). Further, conclusory allegations of unconstitutional conduct fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

Plaintiff's unclear, nonspecific, and purely conclusory allegations – that "[a]uthorities have worked diligently to bring [him] up on charges and have abused [his] rights . . . at various times" – fail to meet to meet basic pleading requirements and are insufficient to state any plausible claim against the moving defendants under § 1983.

Additionally, although defendants McClelland and Fagnilli have not yet been served with the complaint or filed a motion to dismiss it, the Court finds upon its own review that the complaint also warrants dismissal to the extent it alleges claims under § 1983 against them, pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). In *Apple v. Glenn*, the Sixth Circuit held that federal district courts have the authority to dismiss a complaint for lack of subject-matter jurisdiction at any time "pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id*. at 479.

Even liberally construed, plaintiff's complaint fails to allege plausible, non-frivolous claims under § 1983 against defendants McClelland and Fagnilli.

To establish a federal claim under § 1983, a plaintiff must demonstrate that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

Plaintiff's complaint is totally implausible and without merit as against defendant McClelland because plaintiff does not allege that McClelland is a state actor or facts permitting a plausible inference that McClelland engaged in conduct "fairly attributable to the state" under any state action theory recognized in this circuit. *See id.* at 591-92 (discussing state action). "A plaintiff may not proceed against a private party no matter how discriminatory or wrongful the party's conduct." *Id.* at 590.

Plaintiff's complaint does not allege a plausible, non-frivolous claim under § 1983 against Defendant Fagnilli because it is well-established that prosecutors enjoy absolute immunity from such suits in connection with conduct they take within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Decisions as to whether to bring and maintain criminal charges fall "squarely within the doctrine of absolute prosecutorial immunity." *Drake v. Howland*, 463 Fed. Appx. 523, 527, 2012 WL 573809, at *4 (6th Cir. 2012). The only conduct of defendant Fagnilli of which plaintiff complains – her decision not to bring criminal charges against defendant McClelland – fall squarely within the scope of her absolute prosecutorial immunity from suit.

## Conclusion

Accordingly, for the reasons stated above, the moving defendants' motion to dismiss

plaintiff's complaint (Doc. No. 3) is granted as to plaintiff's claims against them under § 1983, and plaintiff's § 1983 claims as against defendants McClelland and Fagnilli are dismissed pursuant to the Court's authority established in *Apple v. Glenn*.

Given the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state-law claim or claims plaintiff alleges, which are better resolved by the Ohio courts. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."). Accordingly, this matter will be remanded to state court for purposes of deciding any state-law claims plaintiff asserts.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: December 14, 2022  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE